In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

Joe Isaacson and Phillis Lisa Isaacson, Plaintiffs,

v.

Dow Chemical Company, et al., Defendants,

Daniel Raymond Stephenson, et al., Plaintiffs,

v.

Dow Chemical Company, et al., Defendants.

Nos. MDL 381, 98–CV–6383 (JBW), 99–CV–3056 (JBW).

United States District Court, E.D. New York.

Nov. 16, 2004.

Gerson H. Smoger, Dallas, TX, Mark R. Cuker, Williams, Cuker, Berezofsky, Cherry Hill, NJ, Stephen B. Murray, Jr., Murray Law Firm, New Orleans, LA, for Plaintiffs.

James L. Stengel, Orrick, Herrington & Sutcliffe LLP, John C. Sabetta, Seyfarth Shaw, LLP, William Andrew Krohley, Kelley, Drye & Warren, L.L.P., Michael M. Gordon, Cadwalader, Wickersham & Taft LLP, Myron Kalish, New York City, Steven R. Brock, Rivkin Radler, LLP, Uniondale, NY, James E. Tyrrell, Jr., Latham & Watkins, LLP, Newark, NJ, Lawrence T.

D'Aloise, Clark, Gagliardi & Miller, P.C., White Plains, NY, for Defendants.

## ORDER

WEINSTEIN, Senior District Judge.

By order of February 9, 2004 all actions by former members of the armed services who served in Vietnam were dismissed on the ground of the government contractor defense. *In re "Agent Orange" Prod. Liab. Litig.*, 304 F.Supp.2d 404 (E.D.N.Y. 2004). Plaintiffs requested a stay of the judgment so they could conduct further discovery. All available relevant files were made available. The court and the magistrate judge gave plaintiffs full assistance. To the extent that the long-past events of the herbicide episode of the Vietnam War can be ascertained within acceptable time limits, the parties have had full opportunity to expose them.

In extensive, well researched and drafted papers dated November 3, 2004, plaintiffs move "for this court to reconsider its ruling granting summary judgment to the defendants on the basis of the government contractor defense." Their documents establish that not all defendants had identical procurement contracts, knowledge of the dangers of contamination with dioxin of the various herbicides they supplied to the government, or knowledge of how they were to be used in Vietnam. Nor did all members of the government have equal knowledge of the dangers in their production and methods of use.

The conclusion remains unshaken, however, that enough responsible members of the government knew as much or more than the defendants about the dangers of Agent Orange and other herbicides as used by our Armed Forces in Vietnam. Equal or superior knowledge must be attributed to the government. Moreover, the chemical mixtures supplied by defendants and packaged according to government specifications were in a form decided upon by the government and applied by it with attendant increased dangers from those risked by civilian users of defendants' generally marketed herbicides designed and packaged for civilian use with appropriate labels and directions. It is not possible to ascertain which plaintiff was exposed to which defendant's herbicide because of the government selected method of packaging, delivery to Vietnam, mixing and application.

Substantial dedicated research at Columbia University has resulted in some successful reconstruction of herbicide aircraft runs. *See, e.g.*, Jeanne Mager Stellman et al., *The Extent and Patterns of Usage of Agent Orange and Other Herbicides in Vietnam*, 422 NATURE 681 (2003). None of the research or information supplied by plaintiffs, or available in the literature, or in any of the files permits attribution of a particular defendant's product to a particular plaintiff. Exposure, directly or indirectly, of a particular member of the Armed Forces to a particular herbicide attributable to a particular manufacturer is entirely speculative. No further discovery will establish otherwise. That was one of the reasons why the *Agent Orange* litigations have been approached and dealt with on an industry-wide-defendant basis.

It is not possible to disentangle large numbers of contracts and deliveries from an industry-wide responsibility or unitary defense. The detailed attempt by plaintiffs to unravel this tightly knit skein of existing, non-existing and non-available past evidence has failed. It cannot succeed. Attribution of particular product to particular dioxin to particular exposure to cause of a particular injury is impossible except by an industry-wide statistical attribution.

As a matter of fairness and law among the government, these plaintiffs and these defendants, the contractor defense had

been established. Despite its deep regard for the plaintiffs and any disease they are suffering, as well as an appreciation of their concern about the use of Agent Orange, the court is barred from assisting them. It is fair, however, to note once again that the use of Agent Orange and other herbicides to clear foliage during the Vietnam War prevented many more American and allied casualties than could possibly be attributed to exposure to such herbicides.

Some concern for the plaintiffs is alleviated by the statute enacted by Congress to compensate diseased United States personnel who served in or near Vietnam. Under the most minimal standards of proof, they are permitted to rely on the presumption that there is a possibility that their disease was caused by Agent Orange or other herbicides and to receive compensation from the Veterans Administration. *See, e.g., McMillan v. Togus Reg'l Office, Dep't of Veteran Affairs,* 294 F.Supp.2d 305, 315 (E.D.N.Y.2003) ("Based on 'statistical associations,' the Academy's studies ha[ve] resulted in the creation of presumptions that certain diseases are attributable to exposure to Agent Orange for purposes of Veteran's compensation. These 'associations' are not equivalent to cause in a legal sense for such purposes as mass tort liabilities. These presumption decisions are made by the Secretary for Veterans Affairs. A showing of cause to any degree of probability is not required. The result is summarized in the privately funded National Veterans Legal Services Program, *Self–Help Guide on Agent Orange, Advice for Vietnam Veterans and their Families* (2000 plus supplement), financed, in part, by this court from proceeds from an Agent Orange Settlement Fund created by contributions from manufacturers of Agent Orange."). Whatever the truth of plaintiffs' claims of causation, the law that must be applied in this court can offer none of them succor.

No statistical or other analysis to date known to the court would permit a finding supporting a tort verdict of more probable than not specific causation of a particular plaintiff's disease by negligence in a particular defendant's production of dioxin contaminated herbicide used by the United States in Vietnam. Since this issue has not been briefed, the court draws no conclusion from the available scientific data or its lack and does not dismiss on this ground. Should the Court of Appeals for the Second Circuit remand on the ground that the government contractor defense does not provide a basis for dismissal, the court will address the underlying general and specific causation issues with an open mind and dispatch.

The stay is lifted. Defendants shall submit a specific judgment in favor of each named defendant against each named plaintiff whose claims arise from service in the Armed Forces of the United States.

SO ORDERED.